# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Jeffery Wright,**
**Petitioner Below, Petitioner**

**FILED**

**September 18, 2020**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.) No. 19-0851** (Webster County 18-P-17)

**Shelby Searls, Superintendent,**
**Huttonsville Correctional Center,**
**Respondent Below, Respondent**

## MEMORANDUM DECISION

Petitioner Jeffery Wright, self-represented litigant, appeals the August 26, 2019, order of the Circuit Court of Webster County denying a petition for a writ of habeas corpus. Respondent Shelby Searls, Superintendent, Huttonsville Correctional Center,[1] by counsel Scott E. Johnson, filed a response in support of the circuit court's order. Petitioner filed a reply.[2]

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

The record of the underlying proceedings submitted by petitioner in support of his appeal

---

[1]Since the filing of the appeal in this case, the superintendent at Huttonsville Correctional Center has changed, and the superintendent is now Shelby Searls. The Court has made the necessary substitution of parties pursuant to Rule 41(c) of the West Virginia Rules of Appellate Procedure.

[2]In petitioner's reply, he states that he stands on the arguments set forth in his opening brief.

1

is sparse and consists only of the instant petition for a writ of habeas corpus and the circuit court's August 26, 2019, order. From the appellate record, we glean the following: On May 2, 1985, after a jury trial, petitioner was found guilty of first-degree murder in the Circuit Court of Webster County. Thereafter, the State filed a recidivist information, alleging that petitioner was previously convicted of grand larceny in 1977 and of armed robbery in 1980. Petitioner was found to be a recidivist, and, by order entered on June 18, 1985, the circuit court imposed a life sentence of incarceration pursuant to the West Virginia Habitual Offender Act, West Virginia Code §§ 61-11-18 and 61-11-19. Following resentencing for purposes of appeal, petitioner filed an appeal from the circuit court's June 18, 1985, order on or about March 18, 1987. On or about July 7, 1987, this Court refused the appeal.

Over thirty-two years later, on August 16, 2019, petitioner filed a petition for a writ of habeas corpus in the circuit court, alleging (1) mental incompetency at the time of the offense; (2) mental incompetency at the time of trial; (3) ineffective assistance of trial counsel; and (4) excessive sentence. By order entered on August 26, 2019, the circuit court, after reviewing pertinent records, found that petitioner had previously filed habeas petitions in Case Nos. 94-P-32, 96-P-6, 99-P-23, and 01-P-8 and that petitioner was appointed counsel to represent him in three of those four cases, Nos. 94-P-32, 99-P-23, and 01-P-8. The circuit court further found that by amended order entered August 31, 1999, petitioner's sentence was corrected[3] and that by subsequent order entered on March 3, 2004, Case Nos. 94-P-32, 99-P-23, and 01-P-8 were dismissed.[4] Accordingly, the circuit denied the instant habeas petition, finding that the issues raised therein were "finally adjudicated and/or waived" in petitioner's prior habeas proceedings pursuant to West Virginia Code §§ 53-4A-1(b) and (c).[5]

---

[3]According to petitioner, his life sentence was originally without the possibility of parole, but was corrected to make him eligible for parole.

[4]Case No. 96-P-6 was dismissed by order entered on April 25, 2001.

[5]West Virginia Code §§ 53-4A-1(b) and (c) are provisions of the West Virginia Post-Conviction Habeas Corpus Act, West Virginia Code §§ 53-4A-1 through 53-4A-11, and provide as follows:

> (b) For the purposes of this article, a contention or contentions and the grounds in fact or law relied upon in support thereof shall be deemed to have been previously and finally adjudicated only when at some point in the proceedings which resulted in the conviction and sentence, or in a proceeding or proceedings on a prior petition or petitions filed under the provisions of this article, or in any other proceeding or proceedings instituted by the petitioner to secure relief from his conviction or sentence, there was a decision on the merits thereof after a full and fair hearing thereon and the time for the taking of an appeal with respect to such decision has not expired or has expired, as the case may be, or the right of appeal with respect to such decision has been exhausted, unless said decision upon the merits is clearly wrong.

(continued . . .)

Petitioner now appeals the circuit court's August 26, 2019, order denying his habeas petition. This Court reviews a circuit court order denying a petition for a writ of habeas corpus under the following standard:

> "In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review." Syl. Pt. 1, *Mathena v. Haines*, 219 W.Va. 417, 633 S.E.2d 771 (2006).

Syl. Pt. 1, *Anstey v. Ballard*, 237 W. Va. 411, 787 S.E.2d 864 (2016). "Findings of fact made by a trial court in a post-conviction habeas corpus proceeding will not be set aside or reversed on appeal by this Court unless such findings are clearly wrong." Syl. Pt. 1, *State ex rel. Postelwaite v. Bechtold*, 158 W. Va. 479, 212 S.E.2d 69 (1975).

Furthermore,

> "'[a] court having jurisdiction over habeas corpus proceedings may deny a petition for a writ of habeas corpus without a hearing and without appointing counsel for the petitioner if the petition, exhibits, affidavits or other documentary evidence filed therewith show to such court's satisfaction that the petitioner is entitled to no relief.' Syllabus Point 1, *Perdue v. Coiner*, 156 W.Va. 467, 194 S.E.2d 657 (1973)." Syl. Pt. 2, *White v. Haines*, 215 W.Va. 698, 601 S.E.2d 18 (2004).

---

(c) For the purposes of this article, a contention or contentions and the grounds in fact or law relied upon in support thereof shall be deemed to have been waived when the petitioner could have advanced, but intelligently and knowingly failed to advance, such contention or contentions and grounds before trial, at trial, or on direct appeal (whether or not said petitioner actually took an appeal), or in a proceeding or proceedings on a prior petition or petitions filed under the provisions of this article, or in any other proceeding or proceedings instituted by the petitioner to secure relief from his conviction or sentence, unless such contention or contentions and grounds are such that, under the Constitution of the United States or the Constitution of this state, they cannot be waived under the circumstances giving rise to the alleged waiver. When any such contention or contentions and grounds could have been advanced by the petitioner before trial, at trial, or on direct appeal (whether or not said petitioner actually took an appeal), or in a proceeding or proceedings on a prior petition or petitions filed under the provisions of this article, or in any other proceeding or proceedings instituted by the petitioner to secure relief from his conviction or sentence, but were not in fact so advanced, there shall be a rebuttable presumption that the petitioner intelligently and knowingly failed to advance such contention or contentions and grounds.

*Anstey*, 237 W. Va. at 412, 787 S.E.2d at 865, syl. pt. 3. "On an appeal to this Court[,] the appellant bears the burden of showing that there was error in the proceedings below resulting in the judgment of which he complains, all presumptions being in favor of the correctness of the proceedings and judgment in and of the trial court." *Perdue*, 156 W. Va. at 467, 194 S.E.2d at 658, syl. pt. 2.

On appeal, petitioner asks that his habeas petition be granted or that the case be remanded for a hearing and the appointment of counsel. Respondent counters that petitioner fails to address the basis on which the circuit court denied the instant habeas petition. Respondent argues that nothing in the appellate record suggests that the circuit court clearly erred in finding that the issues raised in the petition were "finally adjudicated and/or waived" in petitioner's prior habeas proceedings. We agree with respondent.

Rule 10(c)(7) of the Rules of West Virginia Appellate Procedure provides that petitioner's "argument must contain appropriate and specific citations to the record on appeal, including citations that pinpoint when and how the issues in the assignments of error were presented to the lower tribunal," and that "[t]he Court may disregard errors that are not adequately supported by specific references to the record on appeal." In *State v. Honaker*, 193 W. Va. 51, 56 n.4, 454 S.E.2d 96, 101 n.4 (1994), we stated that we must "take as non[-]existing all facts that do not appear in the [appellate] record and will ignore those issues where the missing record is needed to give factual support to the claim." Here, because petitioner has the burden of showing that there was error in the circuit court's decision but fails to address the basis on which the court denied the instant habeas petition, we find that the circuit court's denial of the petition did not constitute an abuse of discretion.

For the foregoing reasons, we affirm the circuit court's August 26, 2019, order denying the instant petition for a writ of habeas corpus.

Affirmed.

**ISSUED:** September 18, 2020

**CONCURRED IN BY:**

Chief Justice Tim Armstead
Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Evan H. Jenkins
Justice John A. Hutchison